MaNly, J.
The Court below put, as we think, the proper construction upon the transaction between Smyth and the defendant. It passed the ownership of the slave to the defendant for reasons very clearly given by the Court, and we deem it unnecessary to add more.
Looking into the record we find the indictment has not employed all the phrases used in the statute for the description of the offence. ' The statute provides “that no slave shall go at large as a freeman, exercising his own discretion in the employment of his time. Nor shall any slave keep house to him or herself as a free person, exercising the like discretion in the employment of his or her time; and in case the owner of the slave consent to the same or con'nive thereat, he. shall be deemed guilty of a misdemeanor.’5
The indictment charges thát defendant being the owner of the slave “did permit her to keep house to herself as a free person,” omitting the words “exercising her discretion in the employment of her time.”
We do not perceive that the words omitted would give any other different signification to the words ulsed than they express standing alone. To Jeeep house to oneself as a free person involves with sufficient precision and certainty the exercise of one’'s discretion in the employment of his time, and no additional words would seem to be necessary to convey that idea ; although it is best, and we therefore recommend the use of the terms and all the terms deemed proper by the legislature for defining the offence. Yet it is not necessary, provided the sense be perfectly preserved without. .' . •
For like reasons we .are o* opinion that the substitution of the word ‘permit’ for the word ‘consent’ does not vitiate the indictment. ’ *■
*246 There is no error and this must be certified that the Superior Court of law for Burke County may proceed according to law.